915 F.2d 1556
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Herson GUERRERO PENA, Defendant, Appellant.
 No. 90-1213.
 United States Court of Appeals, First Circuit.
 Aug. 22, 1990.
 
 Appeal from the United States District Court for the District of Puerto Rico, Jaime Pieras, Jr., District Judge.
 Herson Guerrero Pena on brief, pro se.
 Daniel F. Lopez-Romo, United States Attorney, Danielle DeFranco, Margaret Grove, Guillermo Gil and Everett M. de Jesus on brief, for appellee.
 D.P.R.
 AFFIRMED.
 Before CAMPBELL, TORRUELLA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant challenges the special parole term he received. He contends that special parole is not authorized by the applicable statute. We review the background.
 
 
 2
 A five count indictment charging appellant 1) with conspiracy during the period December 1985 to August 1986 to import marihuana and cocaine in violation of 21 U.S.C. Secs. 952, 960, 963; 2) aiding and abetting the importation of 800 pounds of marihuana in violation of 21 U.S.C. Secs. 952, 960 and 18 U.S.C. Sec. 2; and 3) various other substantive offenses was returned against appellant in September 1987. Appellant pled guilty to the first two counts (conspiracy and marihuana importation). He was sentenced to eight years imprisonment on each of those two counts (concurrent terms). In addition, a five year special parole term was imposed on the second (marihuana importation) count. The remaining counts were dismissed. Subsequently, the court reduced appellant's sentence to five years on each count. Thereafter, appellant filed a motion challenging his special parole term. The district court denied the motion. Appellant has appealed from the denial.
 
 
 3
 Punishment for count 2, the substantive importation count on which the now challenged special parole term was imposed, is governed by 21 U.S.C. Sec. 960(b). The relevant version of Sec. 960(b) in effect at the time of the offense (August 1986) provided as follows:
 
 
 4
 (2) In the case of a violation under subsection (a) of this section with respect to a controlled substance in schedule I or II, the person committing such violation shall, except as provided in paragraphs (1) and (3), be imprisoned not more than fifteen years, or fined not more than $125,000, or both. If a sentence under this paragraph provides for imprisonment, the sentence shall include a special parole term of not less than three years in addition to such term of imprisonment.
 
 
 5
 Pub.L. No. 91-513, title III, Sec. 1010, 84 Stat. 1290 (1970), as amended by Pub.L. No. 98-473, title II, Sec. 504, 98 Stat. 2070 (1984). This section clearly authorized the special parole term imposed.
 
 
 6
 Appellant appears to believe that Sec. 960(b)(1)--rather than Sec. 960(b)(2)--was the provision under which he should have been sentenced on the substantive importation count. The version of Sec. 960(b)(1) in effect at the time of the marihuana importation did not provide for special parole. Hence, had Sec. 960(b)(1) been the appropriate sentencing provision, the special parole term would not have been authorized. Subsection (b)(1), however, applied to offenses involving various quantities of narcotic drugs, PCP, or LSD.[1] Marihuana, a non-narcotic schedule I substance, see 21 U.S.C. Sec. 812(c), Schedule I(c)(10); 21 U.S.C. Sec. 802(16) and (17) (defining marihuana and narcotic drug); United States v. Lopez-Martinez, 725 F.2d 471, 473 (9th Cir.1983) (marihuana not a narcotic drug), cert. denied, 469 U.S. 837 (1984), does not fall within the terms of Sec. 960(b)(1). Consequently, appellant was correctly sentenced under Sec. 960(b)(2), which mandated a special parole term.
 
 
 7
 The cases on which appellant relies for the proposition that special parole was not authorized all involved drug quantities falling within the terms of 21 U.S.C. Sec. 841(b)(1)(A) or 21 U.S.C. Sec. 960(b)(1). Both of these statutes, from their amendment in 1984 until their subsequent amendment in October 1986, had failed to provide for special parole. Since appellant's sentence was controlled by Sec. 960(b)(2), however, which did provide for special parole, the special parole term was proper.
 
 
 8
 Affirmed.
 
 
 
 [1]
 Section 960(b)(1) read as follows:
 (1) In the case of a violation under subsection (a) of this section involving--
 (A) 100 grams or more of a mixture or substance containing a detectable amount of a narcotic drug in scheduled I or II other than a narcotic drug consisting of--
 (i) coca leaves;
 (ii) a compound, manufacture, salt, derivative, or preparation of coca leaves; or
 (iii) a substance chemically identical thereto;
 (B) a kilogram or more of any other narcotic drug in schedule I or II;
 (C) 500 grams or more of phencyclidine (PCP);
 (D) 5 grams or more of lysergic acid diethylamide (LSD);
 the person committing such violation shall be imprisoned for not more than twenty years, or fined not more than $250,000, or both.
 Pub.L. No. 91-513, title III, Sec. 1010, 84 Stat. 1290 (1970), as amended by Pub.L. No. 98-473, title II, Sec. 504, 98 Stat. 2070 (1984). We find no merit in appellant's attempts to inject ambiguity into Sec. 960(b)(1)(A)(iii) or to bring marihuana within its terms. Subsection (b)(1)(A) applies to certain narcotic drugs. Marihuana, in contrast, was specifically not classified as a narcotic drug. See 21 U.S.C. Sec. 802(16) and (17).